IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-04564-GPG

WILLIAMS JOHAN TORRES PARRA,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GOERGE VALDEZ, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity, and
TODD BLANCHE, Acting Attorney General, U.S. Department of Justice, in his official capacity,

Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Motion to Enforce Judgment (D. 9). The Court DENIES the motion for the following reasons.

On September 17, 2026, the Court ordered Respondents4 to provide Petitioner with a bond hearing under § 1226(a) "at which Respondents bear the burden of proof of showing his continued detention is proper and was proper at the time of his arrest" (D. 6). On October 2, 2026, Petitioner received a bond hearing in front of an immigration judge (IJ) (D. 8). The IJ denied bond on the basis that "DHS has established by a preponderance of the evidence that Respondent presents a

risk of flight" (D. 8-1 at 3). Petitioner argues that Respondents did not prove that Petitioner's detention was proper at the time of his arrest, the IJ did not hold DHS to the applicable burden, Respondents failed to comply with immigration regulations, and Respondents committed constitutional errors throughout the bond hearing (D. 9).

Upon review of the IJ's written decision (D. 8-1), the Court does not find that any of Petitioner's arguments show that Respondents failed to comply with the Court's Order. First, Respondents submitted to the Court a copy of the Form I-200 warrant for Petitioner's arrest (D. 8-2) showing that Petitioner's detention was warranted at the time of arrest. Second, Petitioner's remaining arguments, rather than speaking to the burden of proof the IJ applied, boil down to a disagreement with the IJ that DHS's evidence was sufficient to prove, by a preponderance of the evidence, that Petitioner is a flight risk. While the Court is empowered to prescribe the applicable burden of proof an IJ must apply at a bond hearing in the name of due process, *see Barreno v. Baltasar,* No. 025-CV-03017-GPG-TPO, 2025 WL 3190936, at *2–3 (D. Colo. Nov. 14, 2025), and to ensure that its Orders are followed, it does not have the authority to proceed to apply that burden to the evidence or second-guess the IJ's application of the burden. The INA explicitly precludes judicial review of discretionary IJ decisions concerning revocation or denial of bond under 8 U.S.C § 1226(a): "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review." 8 U.S.C. § 1226(e). Here, the Court ordered that Respondents provide Petitioner with a bond hearing at which they bore the burden of proof, and Respondents appear to have done so. The Court is not at liberty to revisit the IJ's particular finding as to whether that burden was satisfied.

The IJ identified the burden of proof as on the government, and, contrary to Petitioner's argument, discussed the reasons that he poses a flight risk. The IJ also wrote, "[c]onsidering the favorable evidence together with the adverse factors and the record as a whole, the Court finds that DHS has established by a preponderance of the evidence that Respondent presents a risk of flight," indicating that the IJ considered all evidence presented (D. 8-1 at 3). Based on this indication that the IJ considered all evidence presented and found that the government had met its burden of showing that Petitioner is a flight risk, the Court cannot say that the IJ improperly applied the burden to Petitioner rather than the government.

Accordingly, Petitioner's motion to enforce is DENIED.

DATED October 26, 2026.

BY THE COURT:



Gordon P. Gallagher
United States District Judge